IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDA KEIM, | ) |
|         Plaintiff, | ) Case No. CV-07-0298-S-BLW |
| v. | ) **MEMORANDUM**<br>) **DECISION AND ORDER** |
| UNITED HERITAGE LIFE<br>INSURANCE COMPANY, an<br>Idaho corporation, | ) |
|         Defendant. | ) |

# INTRODUCTION

The Court has before it a motion for extension of deadlines or, in the alternative, to vacate the trial date, filed by defendant United Heritage. The Court heard oral argument on August 1, 2008, and took the motion under advisement. For the reasons expressed below, the Court will deny the motion.

# ANALYSIS

Plaintiff Keim is suing defendant United Heritage under the Family and Medical Leave Act (FMLA). The parties agreed to litigate this case on an expedited track, giving themselves about six months for discovery. For its part, United Heritage agreed to this because it was "confident that it would prevail on

**Memorandum Decision and Order – Page 1**

summary judgment on liability." *See United Heritage Reply Brief* at p. 3. Even if it did not so prevail, United Heritage "assumed the case would be tried on the primary issue of liability." *Id*. United Heritage did not anticipate losing on the issue of liability and having to try the issue of damages.

That is, however, now the posture of the case. In the resolution of the dispositive motions, the Court granted summary judgment for Keim on the issue of liability, and denied United Heritage's motion for summary judgment, leaving the issue of damages for trial. Discovery has closed, and trial is set for October 27, 2008.

United Heritage now seeks to (1) reopen discovery and extend the expert witness disclosure deadline while maintaining the trial date; or (2) continue the trial to a later date with new scheduling deadlines. United Heritage argues that it is entitled to additional discovery to develop a defense that – it asserts – did not arise until after the Court resolved liability in Keim's favor. More specifically, United Heritage argues that it has an advice-of-council defense to liquidated damages, and that it could not waive the attorney client privilege and assert the defense until it was determined as a matter of law that it was liable to Keim.

To prevail on its motion, United Heritage must show that the deadlines could not "reasonably be met despite the diligence of the party seeking the extension."

**Memorandum Decision and Order – Page 2**

*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).  United Heritage cannot make the required showing of good cause.  At the scheduling conference, where counsel agreed to the expedited track, counsel for United Heritage never raised their need for additional discovery on the advice-of-council defense should liability be decided against them.  Thus, the Court and opposing council proceeded on the legitimate assumption that the discovery deadline was not "conditional" in the sense that it would be reopened if the Court found United Heritage liable as a matter of law.

This assumption was confirmed for Keim's counsel during the deposition of Geoffrey Baker, who was primarily responsible for Keim's termination.  At that deposition, conducted in November of 2007 during the discovery period, Keim's counsel asked Baker whether he had relied on the advice of counsel.  Counsel for United Heritage objected, prompting Keim's counsel to state that "I don't want an advice of counsel defense coming up at trial on this particular subject matter that I'm precluded from discovery now."  *See Exhibit 1 to Mahoney Affidavit*.  Counsel for United Heritage responded, "you're not going to get that."  *Id*.

Having been aware of the defense from the beginning of the case, and having told opposing counsel it would not be employed, United Heritage cannot now use its need for discovery on the defense to establish good cause to extend

**Memorandum Decision and Order – Page 3**

discovery deadlines. Moreover, Keim would be prejudiced by being forced to respond to this new defense just three months before trial. For all these reasons, the motion shall be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for discovery extension and expert witness deadlines, or, in the alternative, to vacate the trial setting (Docket No. 32) is DENIED.



DATED: **August 8, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 4**